**SLAVIK v. MILLER, Commissioner of Immigration and Naturalization.**
**Civ. A. No. 7918.**

United States District Court
W. D. Pennsylvania.
March 23, 1950.

Michael Hahalyak, Pittsburgh, Pa., for petitioner.

Elliott W. Finkel, Special Assistant to U. S. Attorney, Pittsburgh, Pa., for respondent.

GOURLEY, District Judge.

The petitioner seeks to question the legality of a deportation order issued by the Attorney General of the United States through the Commissioner of Immigration and Naturalization. The proceeding has been entitled "Petition for Review." Consideration must be given whether the action is proper under the Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011, and/or if the legality of the deportation order may be tested in habeas corpus proceedings.

The petitioner has not been taken into actual custody by the Immigration authorities for the reason that he is now an inmate of a state penal institution. A detainer has been lodged whereby he will be delivered to the custody of the immigration authorities at the time sentence is fulfilled in the state institution. The proceeding names Watson B. Miller, Commissioner of Immigration and Naturalization, as the respondent. Service was made on C. Garfinkel, District Director of Immigration and Naturalization in the Western District of Pennsylvania. No service has been made on Watson B. Miller, Commissioner of Immigration and Naturalization.

The government has moved to dismiss the proceeding on the following grounds:

(a) That habeas corpus does not lie in that petitioner is not in actual custody.

(b) That review under the Administrative Procedure Act is not the appropriate remedy, habeas corpus only being available to the petitioner.

(c) That the respondent, Watson B. Miller, is a resident of the District of Columbia and was not and is not subject to service of process within the Western District of Pennsylvania.

(A) When the petitioner is not in actual custody of the immigration authorities, does the court have jurisdiction in a habeas corpus proceeding to test the legality of a deportation order?

The petitioner unquestionably is in the technical custody of the immigration authorities since a detainer has been lodged for the body of the petitioner at the time that the fulfillment of the state sentence has expired. It would be possible for the government authorities after the state sentence has expired to take custody of the petitioner and require compliance with the deportation order, without an opportunity being had for a judicial determination of the petitioner's complaint.

The legality of deportation orders by the Commissioner of Immigration and Naturalization, as a delegatee of the Attorney General, may be reviewed in habeas corpus proceedings. United States ex rel. Trinler v. Carusi, 3 Cir., 166 F.2d 457; United States ex rel. Trinler v. Carusi, Commissioner of Immigration and Naturalization, 3 Cir., 168 F.2d 1014; Podovinnikoff v. Miller, Commissioner of Immigration and Naturalization, et al., 3 Cir., 179 F.2d 937.

Since the petitioner is in the technical custody of the Commissioner of Immigration and Naturalization, habeas corpus action would be a proper proceeding to test the legality of the deportation order.

(B) Is a petition for review under the Administrative Procedure Act an appropriate remedy where the petitioner is subject to a deportation order?

The Administrative Procedure Act enlarged the rights of people against whom deportation orders have been issued, and

they are entitled to judicial review after the issuance of a deportation order. The petition entitled "Petition for Review" is an appropriate enough form in which to ask 'for the relief. This is true even before an alien has been taken into actual custody. United States ex rel. Trinler v. Carusi, supra; United States ex rel. Trinler v. Carusi, Commissioner of Immigration and Naturalization, supra; Wong Yang Sung, Petitioner, v. McGrath, Attorney General of the United States, et al., 70 S.Ct. 445.

It does not make any material difference under the circumstances in this case whether the proceeding as to the legality of the deportation order is considered as a petition for review or as a petition for habeas corpus. In either event jurisdiction exists in the court to determine the legality of the deportation order.

(C) Does the court have jurisdiction over the person of Watson B. Miller, Commissioner of Immigration and Naturalization, who is named as the respondent?

The residence of the Commissioner of Immigration and Naturalization for the purpose of suit is in the District of Columbia, where he performs the duties of his office. He was notified by mail of the pending proceeding. C. Garfinkel, District Director of Immigration and Naturalization, accepted service of the proceeding within the Western District of Pennsylvania although he was not named as a party respondent. He is before the court but no order was made by him and there is no action of his to review.

In a proceeding to review a deportation order against the Commissioner of Immigration and Naturalization, personal service could not be made on the Commissioner in a proceeding instituted in the Western District of Pennsylvania. Since no jurisdiction exists in this court, it is necessary to dismiss the petition. United States ex rel. Trinler v. Carusi, supra; United States ex rel. Trinler v. Carusi, Commissioner of Immigration and Naturalization, supra; Podovinnikoff v. Miller, Commissioner of Immigration and Naturalization, et al., supra; Connor v.

Miller et al., 2 Cir., 178 F.2d 755.

Since the dismissal of the proceeding is not on the merits but on the lack of the court's authority to proceed in the absence of an indispensable party, it is without prejudice to further proceedings in a district where the indispensable party can be brought before the court. The motion to dismiss the petition for review will be granted. An appropriate order will be filed.