## PAOLO v. GARFINKEL.

No. 1735 Misc.

United States District Court,
W. D. Pennsylvania.

July 3, 1952.

Philip Baskin, Pittsburgh, Pa., Jacob J. Kilimnik, Philadelphia, Pa., for petitioner.

W. Wendell Stanton, Pittsburgh, Pa., for U. S.

W. B. Taffet, Newark, N. J., for C. Garfinkel.

GOURLEY, Chief Judge.

This proceeding is a petition for review of a deportation order issued by the Commissioner of Immigration and Naturalization through his assistant in the District of Columbia. Question exists as to whether or not the Court has jurisdiction of the proceeding. This Court proceeded to hear the proceeding on June 30, 1952, at 10:00 A.M., E.D.S.T., and relieved the surety from forfeiture of the bond filed by. the petitioner until further order of this Court.

The proceeding was filed against C. Garfinkel, Officer in ·Charge of the Immigration and Naturalization Service, with offices in the City of Pittsburgh, Pennsylvania. It appears that a warrant of arrest for petitioner was issued by Karl I. Zimmerman, District Director of the Immigration and Naturalization Service, with offices in the City of Philadelphia, Pennsylvania, to C. Garfinkel, Officer in Charge of the Immigration and Naturalization Service in the City of Pittsburgh, on August 24, 1951. Said warrant of arrest was issued after an investigation for the reason that it was determined that the petitioner was in the United States without an immigration visa. He was taken into custody on said date and hearings were held before representatives of the Immigration and Naturalization Service in the City of Pittsburgh, Pennsylvania, on August 27, 1951 and September 5, 1951. As a result of said hearings the examiner recommended that a deportation order be issued. On October 9, 1951, an order of deportation was issued by the Assistant Commissioner of Naturalization in behalf of the Commissioner of Immigration and Naturalization in Washington, D. C. Appeals were perfected to the appropriate administrative tribunals, each of which was dismissed. On January 31, 1952, Karl I. Zimmerman, District Director of the Immigration and Naturalization Service in the City of Philadelphia, issued a warrant of deportation based on the order of deportation of October 9, 1951 issued by the Assistant Commissioner of Immigration and Naturalization in behalf of the Commissioner of Immigration and Naturalization, Washington,. D. C. Motions to reconsider said warrant and order of deportation were duly filed together with appeals, all of which were refused.

On February 26, 1952, the District Director of the Immigration and Naturaliza--

tion Service in the City of Philadelphia requested the Portuguese consul to said City to arrange for the departure of the petitioner to the country of Portugal. On June 16, 1952, the Officer in Charge of the Immigration and Naturalization Service, who is not a Director, was notified by the District Director at Philadelphia that sailing arrangements have been made for the departure of the petitioner on July 3, 1952, on the S.S. Argentina.

At the time of petitioner's arrest, he was released on bond for his appearance when directed by the Immigration and Naturalization Service. On June 23, 1952, the surety was notified by the respondent in this proceeding, who is the Officer in Charge of the Immigration and Naturalization Service in this district, to surrender said alien to the office of the respondent at 1:00 P.M. on June 30, 1952. As a courtesy to the alien and his counsel, a copy of said notification was forwarded to them. The letter which was sent to the surety, the alien and the attorney was as follows:

Letter sent to United States Fidelity & Guaranty Company, with offices in the City of Pittsburgh, Pennsylvania, which executed the bond for the appearance of the petitioner, Joao Paolo, when directed by representatives of the Immigration and Naturalization Service—

"June 23, 1952
"United States Fidelity & Guaranty
    Company
714 Farmers Bank Building
Pittsburgh, Pennsylvania
"Gentlemen:
    You are directed to surrender the above-named alien to this office at 1:00 P.M. on June 30, 1952 in accordance with the terms of the delivery bond posted by you on August 27, 1951, at this office in his behalf.
                "Very truly yours,
                "C. Garfinkel
                "Officer in Charge
"Registered mail.
"Return receipt requested."

Letter sent to petitioner, Joao Paolo at R. D. #3, Beaver Falls, Pennsylvania, which was the address given by the petitioner to the Officer in Charge of the Bureau of Immigration and Naturalization in the City of Pittsburgh, Pennsylvania—
                "June 23, 1952
"Mr. Joao Paolo
R. D. #3
Beaver Falls, Pennsylvania
"Dear Sir:
    "You are hereby directed to report to this office, Room 715 New Federal Building, promptly at 1:00 P.M. on June 30, 1952, and be completely ready for deportation to Portugal.
    "A copy of this letter is being furnished your attorney, Joseph D. Ripp, Esq., 1306 Berger Building, Pittsburgh, Pennsylvania, for his information.
                "Very truly yours,
                "C. Garfinkel
                "Officer in Charge
"Registered mail.
"Return receipt requested."
"CC Joseph D. Ripp, Esq., Attorney at Law, 1306 Berger Bldg., Pittsburgh, Pennsylvania."

The letter to the surety was supplemented by letter from C. Garfinkel, Officer in Charge of Immigration and Naturalization Service, on June 30, 1952, which read as follows:
                "June 30, 1952
"United States Fidelity & Guaranty
    Company
714 Farmers Bank Building
Pittsburgh, Pennsylvania
"Gentlemen:
    "Reference is had to this office's letter of June 23, 1952 wherein demand was made upon you to deliver the alien, Joao Paolo, to this office by 1:00 P.M. on June 30, 1952 for deportation.
    "You are herewith advised that, in the alternative, delivery of the said Joao Paolo to the District Director, Immigration and Naturalization Service, Ellis Island, New York Harbor, New York, on or before 10:00 A.M. on July 1, 1952 will be deemed satisfactory compliance with the terms of the demand for delivery heretofore referred to.
    "You are to understand that your failure to deliver Joao Paolo to this of-

282

fice by 1:00 P.M. on June 30 or in the alternative to deliver him to the District Director at New York by 10:00 A.M. on July 1, will be deemed a violation of the conditions of the bond posted by you.

"Very truly yours,
"C. Garfinkel
"Officer in Charge"

The petitioner secured new legal counsel and on July 1, 1952, the petition for review was presented in this Court. Prior to the filing of the proceeding in this Court, petitioner's new counsel arranged with the District Director of Immigration and Naturalization in the City of Philadelphia that petitioner be permitted to report to the District Director of the Immigration and Naturalization Service in the City of New York, New York, rather than to the Officer in Charge in the City of Pittsburgh. The petitioner has not been before the Court and has appeared solely through his legal counsel.

■ On the basis of the above facts, question exists as to whether or not the Court has jurisdiction to entertain the petition for review and consider the questions which have been raised as to the constitutionality of the Act of Congress, 8 U.S.C.A. § 155, under which the Commissioner of Immigration and Naturalization Service in the District of Columbia has based his order and warrant of deportation. The Court may take judicial notice of the fact that the official residence of the Commissioner is in the District of Columbia. Podovinnikoff v. Miller, 3 Cir., 179 F.2d 937.

■ It is my judgment that the letter written by the Officer in Charge in the City of Pittsburgh, Pennsylvania, is purely an administerial act and is not an order such as would justify this Court in entertaining jurisdiction. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Podovinnikoff v. Miller, supra.; Slavik v. Miller, D.C., 89 F.Supp. 575, affirmed 3 Cir., 184 F.2d 575, certiorari denied 340 U.S. 955, 71 S.Ct. 566, 95 L.Ed. 688.

The petitioner asks this Court to hold unlawful and to set aside as null and void the orders of the Commissioner and/or District Director as being contrary to law and constitutional right. He also asks for an injunction pendente lite.

The relief sought requires more than a determination by the court of pure legal questions relating to the Commissioner's statutory power. Questions are also raised as to the manner in which the Commissioner has exercised his power.

Plaintiff does not ask for injunctive relief other than that referred to above, nor is there a prayer for general relief. Assuming, however, that the court, having taken jurisdiction of the actions, could grant all relief it deems appropriate, including injunctive relief, nevertheless, it does not appear that injunctive relief would be effective. To enjoin enforcement of the deportation orders by the subordinate before the court would be meaningless without concurrence in the decree by his superior. The Commissioner, his superior, would not be bound by the decree and could enforce the deportation orders in another district.

■ It is my considered judgment that the nature and extent of the relief sought here makes the Commissioner an indispensable party. The acts and powers of the Commissioner are in question.

■ I, therefore, conclude that the proceeding must be dismissed because the court lacks jurisdiction over an indispensable party. Dismissal is without prejudice, however, to the petitioner proceeding forthwith in a court authorized to entertain jurisdiction.

In view of the fact that the Fourth of July holiday will possibly make it difficult for the petitioner and his counsel to present an appeal from this order to the United States Court of Appeals for the Third Circuit, or to have his proceeding filed and heard in a court of competent jurisdiction, and for the reason that the petitioner was to be placed on a boat on July 3, 1952 for transportation to Portugal, in the interests of justice I believe that an opportunity

should be afforded to present the questions which exist to an appropriate Federal tribunal before the order of the Commissioner is effectuated.

An appropriate Order is, therefore, entered.