916

Giovanni RINALDI, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 77 Civ. 234.

United States District Court,
S. D. New York.

April 1, 1977.

Giovanni Rinaldi, pro se.

Robert B. Fiske, Jr., U. S. Atty., by Thomas H. Belote, Special Asst. U. S. Atty., New York City, for the United States.

WYATT, District Judge.

This is an application for the writ of habeas corpus, 28 U.S.C. § 2241, submitted by Giovanni Rinaldi (Giovanni), who is acting for himself and without counsel. Permission to proceed in forma pauperis was granted by order of Judge MacMahon filed January 18, 1977. 28 U.S.C. § 1915(a).

Giovanni is a twenty-eight year old citizen of Italy who in 1960 entered the United States with a visa for permanent residence. He has been convicted in the New York State courts three times, twice for drug offenses and once for possession of stolen property. Currently, he is serving a five year maximum sentence, for the criminal sale of dangerous drugs, at the New York State Fishkill Correctional Facility.

On May 4, 1976, the Immigration and Naturalization Service notified the state correctional authorities (Giovanni was at that time at a correctional facility in Elmira) that Giovanni was amenable to deportation proceedings and that the notice should be treated as a detainer against him. On July 27, 1976, the Service's Buffalo district director issued, pursuant to 8 U.S.C. § 1252(a), an "Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien" against Giovanni, asserting that he was deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(11) (conviction of the violation of any law regarding the possession or trafficking in narcotic drugs). In this document, it was stated under the heading "Notice of Custody Determination" that Giovanni could be released from the custody of the Service under a bond of $3,000. (Return to application for Writ of Habeas Corpus by the United States Attorney, Exhibit G).

In his petition, Giovanni alleges that he is barred while in state custody from participating in any furlough or work release programs because the Service's detainer is pending against him. He further states that his family has attempted to place the required bail in "the District Court in Manhattan County" but have been advised that Giovanni must appear in person before bail can be accepted. He concludes that "his continued incarceration and detention under the Detainer Warrant is tantamount to a violation of petitioner's Constitutional rights as enumerated in the fifth, eighth and fourteenth amendments."

The government responds that the Service has no power, under Section 242(a) of the Act, 8 U.S.C. § 1252(a), to accept a bond until the alien is taken into the custody of the Service; that if anyone is liable for his inability to participate in release programs, it is the State and not the Service; and finally that no constitutional rights of petitioner have been violated.

Giovanni's petition must fail since it is readily apparent that his allegations do not show any violation of his constitutional rights by any one.

In an action with a fact pattern very like that here, but in which the plaintiff sued, among others, the Director of the Service and New York State Commissioner of Correctional Facilities for violations of 42 U.S.C. §§ 1983 and 1985, Judge Weinfeld in an unreported decision held that the court should

> "not interfere with a rational state policy which is designed solely to assure that the rights of other jurisdictions having outstanding detainers or arrest warrants against state prisoners are protected and which applies equally to all similarly situated inmates." *Ledgister v. Wagner,* 75 Civ. 4584 (Oct. 8, 1975).

In another closely analogous case, the Supreme Court has recently held that a federal parolee serving a federal sentence for a federal crime committed while on federal parole was not constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant was issued and lodged with the institution in which he was confined. The Court was unsympathetic to the petitioner's argument that the pending warrant and detainer adversely affected his qualification for institutional programs. It stated that

> "We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. . . . [This] is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement. 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 279 n.9, 50 L.Ed.2d 236 (1976).

The application is dismissed. No certificate of probable cause (28 U.S.C. § 2253) will issue because it is not believed that there are any questions of substance on which the Court of Appeals should rule. With regard to the in forma pauperis statute (28 U.S.C. § 1915(a)), it is certified that an appeal from this order is not taken in good faith. In this context good faith is judged by an objective standard and if an appeal is frivolous it is not taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 920, 8 L.Ed.2d 21 (1962); *United States v. Visconti,* 261 F.2d 215, 218 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 762 (1959).

SO ORDERED.