Alvin
**FERNANDEZ–COLLADO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Civ. No. B–85–482 (TFGD).**

United States District Court,
D. Connecticut.

Sept. 16, 1986.

Dennis C. Murphy, Norwalk, Conn., for petitioner.

Stanley A. Twardy, Jr., U.S. Atty., Dist. of Conn. by Frank H. Santoro, Asst. U.S. Atty., Bridgeport, Conn., for respondent.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

DALY, Chief Judge.

BACKGROUND

Petitioner, Alvin Fernandez-Collado, a citizen of the Dominican Republic and a legal resident of the United States, is currently serving a five year term of imprisonment at the Federal Correctional Institution at Danbury, Connecticut following a conviction in the United States District Court for the Eastern District of New York on June 15, 1984 for a violation of 21 U.S.C. § 841(a)(1) (cocaine distribution). In August 1984 the Immigration and Naturalization Service (I.N.S.) served upon both the petitioner and officials at FCI-Danbury an Order To Show Cause and Notice of Hearing "date, place and time to be set," for petitioner to show why his conviction should not result in his deportation from the United States. *See* 8 U.S.C. § 1251 (a)(11) (1982). One year later petitioner came before this Court *pro se*, and *in forma pauperis*, seeking a writ of habeas corpus under 28 U.S.C. § 2241 to have the I.N.S. detainer removed. He asserted as grounds for his petition that prior to his conviction he was admitted to lawful permanent residence status because his wife is a United States citizen. Furthermore, he has two children who were born in the United States, he is an honorably discharged veteran, and a remorseful "first-time" offender.

This Court denied his petition *sua sponte* holding that habeas corpus relief was not available because petitioner was a sentenced prisoner, and despite the detainer, he remained in the custody of the warden at Danbury, not the I.N.S. He would not be available for I.N.S. custody pending investigation of deportability, if at all, until after his release from his present term of confinement. *Fernandez-Collado v. I.N.S.*, Civ. B–85–482 (TFGD) (Aug. 19, 1986); *see* 8 U.S.C. § 1252 (h); *see also Hechavarria-Castellano v. I.N.S.*, Civ. H–84–498 (D.Conn., Jan. 9, 1985). This Court later granted a motion for reconsideration made on behalf of petitioner by his "next friend," a fellow inmate; but upon reconsideration this Court adhered to its earlier ruling.

Again represented by his "next friend," petitioner filed an appeal with the Second Circuit Court of Appeals. He argued that because the detainer is sure to result in his detention by the I.N.S. once his term of imprisonment is completed, he is presently in the "custody" of the I.N.S. for purposes of the habeas corpus statute. Assuming that he would prevail on the issue of custody, he further argued that the district court had jurisdiction to consider his demand that the I.N.S. be ordered to either remove the detainer or immediately com-

mence deportation proceedings. Alternatively, relying on *Argiz v. I.N.S.*, No. 79–C–887 (E.D.Wis. Sept. 14, 1981), *aff'd on other grounds*, 704 F.2d 384 (7th Cir.1983), petitioner argued that pursuant to 8 U.S.C. § 1252(a) the district court had jurisdiction to order such relief because the I.N.S. has not proceeded with "reasonable dispatch" as required.

In an unpublished opinion, the Court of Appeals remanded the matter to this Court directing that counsel be appointed for petitioner and the issue raised under 8 U.S.C. § 1252(a) be considered. Dkt. No. 86–2033 (May 2, 1986).

This Court appointed Dennis C. Murphy, Esq. who submitted a brief on behalf of petitioner reiterating the arguments made in the prior proceedings.

For the reasons set forth below the petition is DENIED.

## DISCUSSION

Title 8 U.S.C. § 1252(a) mandates the procedures for the arrest and custody of aliens pending a determination of their deportability. Should the Attorney General or his delegate fail to proceed with "such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability," then "[a]ny court of competent jurisdiction" may review the matter in a habeas corpus proceeding. 8 U.S.C. § 1252(a).

Petitioner urges this Court to adopt the interpretation of this provision found in *Argiz v. I.N.S.*, (No. 79–C–878) (E.D.Wis., Sept. 14, 1981), a habeas corpus proceeding in which the court ordered the I.N.S. to

either remove a detainer lodged against the imprisoned petitioner, or to commence deportation proceedings within ninety days. *Argiz, supra*, slip op. at 7. The Court ruled that the lodging of a detainer was a "determination concerning deportability" and that the petitioner was in the "technical custody" of the I.N.S. for purposes of § 1252(a). The District Court in *Argiz* relied upon *Slavik v. Miller*, 89 F.Supp. 575, 576 (W.D.Pa.), *aff'd.*, 184 F.2d 575 (3d Cir. 1950), *cert. denied*, 340 U.S. 955, 71 S.Ct. 566, 95 L.Ed. 688 (1951); and *Chung Young Chew v. Boyd*, 309 F.2d 857, 865 n. 19 (9th Cir.1962), which held the Attorney General had "technical custody" over prisoners upon whom I.N.S. detainers had been lodged. This court is not persuaded by the reasoning of *Argiz*.

In the case at bar the I.N.S. has not yet made a determination of deportability but has merely lodged a detainer. A determination with regard to deportation is to be made at some future date; but in no case shall that determination be made prior to the completion of his term of confinement. *See* 8 U.S.C. § 1252(h)[1]. In both *Slavik* and *Boyd* however, the I.N.S. had already completed its deportation proceedings, a determination of deportability had been made, and the petitioners had been ordered deported. *Slavik, supra*, 89 F.Supp. at 576; *Boyd, supra*, 309 F.2d at 859.

Although the concept of "custody" within the context of the habeas corpus statute has been expanded, *See Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (defendant released in

---

**1.** The statute supports the finding of this Court that the requested relief is premature. Title 8 U.S.C. § 1252(a) is not triggered until a person is subject to deportation and in the custody of the Attorney General (i.e. I.N.S.). *Martinez v. I.N.S.*, Civ. B–81–515 (D.Conn. Nov. 30, 1981) (§ 1252(a) does not apply to an alien already in penal confinement).

Whenever a Notice of Hearing and Order To Show Cause is served upon an alien already in confinement, it is the practice of the I.N.S. to also serve it upon the official in charge of the institution where the person is confined. 8

C.F.R. § 103.5a(c) (1986). Service in this manner is merely a method of advising the prison officials to notify the I.N.S. of the petitioner's release or transfer. In no way does the I.N.S. detainer impose any necessary consequences with regard to one's treatment or custody status while in prison. *Cf.* 8 U.S.C. § 1357; 8 C.F.R. § 242 *et seq.* The detainer expresses only the intention of the Service to make a determination of deportability if and when the subject of the notice becomes available at a later time. *Cf. Moody v. Daggett*, 429 U.S. 78, 86, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

his own recognizance is in "custody" for purposes of habeas corpus), it is firmly established in this district that the I.N.S. detainer in no way subjects the petitioner to the custody of the I.N.S. *Hechavarria-Castellano v. I.N.S.,* Civ. H–84–498 (D.Conn. Jan. 9, 1985); *Martinez v. I.N.S.,* Civ. B–81–515 (D.Conn. Nov. 30, 1981); *Yuksel v. I.N.S.,* Civ. B–81–470 (D.Conn. Nov. 19, 1981); *Lehder v. Smith,* Civ. B–75–8 (D.Conn., Feb. 10, 1975). Since a sentenced inmate cannot be deported while imprisoned, 8 U.S.C. § 1252(h), the I.N.S. has absolutely no occasion to consider release or custody of petitioner until after his release from his current confinement. *Lehder, supra; Martinez, supra.* Petitioner remains in the sole custody of the prison officials at F.C.I. Danbury; therefore the requested relief from the I.N.S. is not presently available in a habeas corpus proceeding.[2] *See Hechavarria-Castellano, supra.*

Petitioner also complains that because of the detainer he will be denied access to prison-sponsored rehabilitative programs, such as placement in a community treatment center.[3] Congress has granted federal prison authorities the exclusive discretion to control the conditions of confinement of a particular inmate. 18 U.S.C. § 4081; *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Petitioner has neither a legitimate statutory nor constitutional entitlement to those prison programs from which he may be denied access as a result of the detainer. Consequently, he may not invoke any claims to a prompt deportation hearing. *Moody, supra; Rinaldi v. United States,* 484 F.Supp. 916, 917 (S.D.N.Y.1977); *see also, Heath v. U.S. Parole Commission* 788 F.2d 85 (2d Cir.1986) (parolee serving

an independent intervening sentence has no right to a prompt revocation hearing when the revocation warrant was not executed but lodged as a detainer).

Accordingly, the petition for a Writ of habeas corpus must be DENIED.

It is So Ordered.

---

**2.** Petitioner argues that the requested relief is not premature under the "prematurity doctrine" of *Payton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (a prisoner serving consecutive sentences is "in custody" for any one of the consecutive sentences for the purposes of habeas corpus). However, since petitioner is not in custody for purposes of the I.N.S. detainer, his argument with regard to consecutive custodies is not relevant.

**3.** Petitioner has submitted to the Court a letter dated July 30, 1985, from the Office of the Director of the Bureau of Prisons. The letter, in substance, states that because there is a possibility that inmates with detainers will be deported, they are usually not considered to be good candidates for half-way houses which are designed to re-establish community ties.