825 F.2d 410
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juan GANEM, Petitioner-Appellant,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,
Respondent-Appellee.
 No. 86-2075
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1987.
 
 ORDER
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The pro se petitioner, a federal prisoner and alien, appeals the dismissal of his petition for a writ of mandamus to compel the United States Immigration and Naturalization Service (hereinafter INS) to hold a speedy evidentiary hearing on his deportability. The petitioner claimed that a deportation detainer, issued by the INS, adversely affected his prison classification, thereby violating his due process rights.
 
 
 3
 The respondents filed a motion to dismiss for failure to state a claim, and the petitioner responded. The district court concluded that the petitioner did not establish that the respondent had a clear duty to perform the requested action, and granted the motion.
 
 
 4
 Upon review, we conclude that the dismissal was proper. A detainer which adversely affects a prisoner's classification and eligibility for rehabilitative programs does not activate a due process right. See Moody v. Daggett, 429 U.S. 78, 86-87, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 225 (1976); Kenner v. Martin, 648 F.2d 1080, 1081 (6th Cir. 1981) (per curiam); Watkins v. U.S., 564 F.2d 201, 206 (6th Cir. 1977).
 
 
 5
 Moreover, deportation proceedings are civil in nature, and failure to provide a speedy hearing on a deportation charge does not implicate sixth amendment rights; therefore, the petitioner has no remedy under the Interstate Agreement on Detainers or the Speedy Trial Act. Argiz v. United States Immigration, 704 F.2d 384, 387 (7th Cir. 1983) (per curiam).
 
 
 6
 Finally, 8 U.S.C. Sec. 1252(a) is inapplicable because the petitioner is not in custody and awaiting a deportation hearing, as a result of any INS action. Rather, the petitioner is incarcerated on federal drug convictions which are unrelated to his alien status.
 
 
 7
 From the foregoing, it is clear that the petitioner has not shown a clear and indisputable right to the writ of mandamus. In re Bendectin Products Liability Litigation, 749 F.2d 300, 303 (6th Cir. 1984). Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.