**Jesus Ferreira PAULINO, Plaintiff,**

v.

**Walter P. CONNERY, Assistant District Director for Investigations, Defendant.**

**No. 90 Civ. 3272 (MBM).**

United States District Court,
S.D. New York.

June 27, 1991.

Beth G. Schwartz, Lincoln Square Legal Services, Inc., Fordham University School of Law, New York City, for plaintiff.

James A. O'Brien, III, Sp. Asst. U.S. Atty., New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

These are cross-motions for summary judgment by defendant, the Immigration and Naturalization Service ("INS"), and by plaintiff, Jesus Ferreira Paulino, a prison inmate in the custody of the New York State Department of Correctional Services on the issue of whether INS has violated plaintiff's due process rights by not conducting a deportation hearing pursuant to 8 U.S.C. § 1252 while he is imprisoned. For the reasons set forth below, defendant's motion for summary judgment is granted; plaintiff's cross-motion for summary judgment is denied.

The facts are not in dispute. On or about September 15, 1987, plaintiff, a native of the Dominican Republic who has permanent resident status in the United States, pleaded guilty in state court to criminal sale of a controlled substance in the second degree and was sentenced to an indefinite term of imprisonment of from 4½ years to life. On September 6, 1989, defendant Connery, Assistant District Director

for Investigations of INS, issued an Order to Show Cause and arrest warrant for plaintiff, which charged that he was subject to deportation as a result of his conviction.

Plaintiff filed with INS an Application for Notice of Custody Determination Pursuant to 8 C.F.R. § 242.2, requesting that INS issue a Notice of Custody Determination. He alleged that he had a stable employment history and strong family ties in the United States, and is neither a threat to national security nor a poor bail risk—factors to consider in determining whether he would be held in INS custody pending a final determination of deportability. (Kekatos Declaration, Exh. H) Plaintiff filed this action *pro se* after receiving no response from INS.

His Complaint alleges that INS procedures require an initial determination concerning his custody pending deportation proceedings, which determination must be made immediately after issuance of an arrest warrant. INS did not make an initial custody determination in his case, but rather lodged a "detainer" against him. As a result, he is unable to qualify for Temporary Release consideration because, under New York law, any outstanding warrant

lodged by INS automatically makes a prisoner ineligible for Temporary Release consideration. He alleges that if the issue of custody was resolved, and the detainer lifted, he would be eligible.

Plaintiff argues that INS's alleged failure to follow its procedures is a violation of his right to due process and his rights under 8 C.F.R. § 242.2. He seeks an order of mandamus requiring defendant to make a custody determination pursuant to 8 C.F.R. § 242.2.[1]

INS moves for summary judgment on the ground that it does not have custody of plaintiff until he is released from prison, and hence has no authority to proceed until he is released from confinement. 8 U.S.C. § 1252(h). The detainer lodged against him, which is attached as an Exhibit on this motion, merely notifies prison officials that an investigation has been initiated to determine whether plaintiff is subject to deportation, and states that prison officials should inform INS of his time of release at least 30 days prior to release or in the event of his death or transfer to another institution. (Kekatos Declaration, Exh. G)

■ Although lodging a detainer against plaintiff while he is in state custo-

---

1. 8 C.F.R. § 242.2(c)(2) states: "If, after the issuance of a warrant of arrest, a determination is made not to serve it, any officer authorized to issue such warrant may authorize its cancellation. When a warrant of arrest is served under this part, the respondent shall have explained to him/her the contents of the order to show cause, the reason for the arrest and the right to be represented by counsel of his/her own choice at no expense to the Government. He/she shall also be advised of the availability of free legal services programs qualified under Part 292a of this chapter and organizations recognized pursuant to § 292.2 of this chapter, located in the district where the deportation hearing will be held. The respondent shall be furnished with a list of such programs, and a copy of Form I-618, Written Notice of Appeal Rights. Service of these documents shall be noted on Form I-213. The respondent shall be advised that any statements made may be used against him/her. He/she shall also be informed whether custody is to be continued or, if release from custody has been authorized, of the amount and conditions of the bond of the conditions of release. A respondent on whom a warrant of arrest has been served may apply to any officer authorized by this section to issue such a

warrant for release or for amelioration of the conditions under which he/she may be released. When serving the warrant of arrest and when determining any application pertaining thereto, the authorized officer shall furnish the respondent with a notice of decision, which may be on Form I-286, indicating whether custody will be continued or terminated, specifying any conditions under which release is permitted, and advising the respondent appropriately whether he/she may apply to an immigration judge pursuant to paragraph (d) of this section for release or modification of the conditions of release or whether he/she may appeal to the Board. A direct appeal to the Board from a determination by an officer authorized by this section to issue warrants shall not be allowed except as authorized by paragraph (d) of this section."

8 C.F.R. § 242.2(a)(4), on the other hand, provides that after INS decides to issue a detainer "for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed [48] hours in order to permit assumption of custody by the Service." The import of that regulation is that if the alien is otherwise being detained, no such time limit is applicable.

dy may have the effect of prohibiting him from participating in a work release program, it does not violate his constitutional rights. The detainer states, *inter alia:* "This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive." This language makes clear that INS has not joined any decision to prohibit plaintiff from participating in a work release program, and cannot be held liable for any such decision. In any case, prisoners have no constitutional right to participate in work release programs. *Rinaldi v. United States,* 484 F.Supp. 916 (S.D.N.Y. 1977); *Blanco v. Immigration & Naturalization Service,* 88 Civ. 6823 (MBM), slip op., 1988 WL 236303 (S.D.N.Y. Dec. 21, 1988); *Fernandez–Collado v. Immigration & Naturalization Service,* 644 F.Supp. 741 (D.C.Conn.1986), *aff'd,* 857 F.2d 1461 (2d Cir.1987).

Plaintiff, now represented by an attorney, opposes defendant's motion and cross-moves for summary judgment, arguing a new theory: 8 U.S.C. § 1252(i) requires the Attorney General to conduct a deportation proceeding as soon as possible after the date of the conviction. By not complying with that statute and granting plaintiff an expeditious deportation hearing, he now argues INS has violated his due process rights.[2]

8 U.S.C. § 1252(i) states:

(i) In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of conviction.

8 U.S.C. § 1252 (1975 and 1990 Supp.) Plaintiff argues that delay in holding a custody determination proceeding and final deportation proceedings renders meaningless the requirement that the Attorney General proceed expeditiously. He argues

that delay in holding a hearing interferes with his right to defend himself: evidence gathering becomes more difficult, availability of witnesses decreases, and that he has an interest in knowing his legal status upon release from prison. Although he has no constitutional right to qualify for work release, that restriction is an example of the injury he has suffered as a result of defendant's violation of his due process rights by failing to follow its regulations.

To determine the duties imposed on INS by Congress, 8 U.S.C. § 1252(i) must be read in conjunction with 8 U.S.C. §§ 1252(h) and 1252(c). Section 1252(h) provides that "[a]n alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement"— clearly stating that criminal sentences must be served before deportation. Section 1252(c) states:

When a final order of deportation under administrative processes is made against any alien, the Attorney General shall have a period of six months from the date of such order, or, if judicial review is had, then from the date of the final order of the court, within which to effect the alien's departure from the United States, during which period, at the Attorney General's discretion, the alien may be detained, released on bond in an amount and containing such conditions as the Attorney General may prescribe, or released on such other condition as the Attorney General may prescribe.... The Attorney General is authorized and directed to arrange for appropriate places of detention for those aliens whom he shall take into custody and detain under this section.

■ Reading these sections together, the conclusion is inescapable that § 1252(i) directs the Attorney General[3] to act expeditiously in conducting deportation proceedings once plaintiff has been released from state custody. Prior to that time, while plaintiff is in the custody of the state, he is

---

**2.** Plaintiff requests that this motion be deemed an amendment of his *pro se* Complaint.

**3.** Having so construed § 1252, I need not decide the issue debated in footnotes in the parties' briefs regarding whether plaintiff has joined the proper defendant.

not subject to the custody of INS such that custody determinations can be made or deportation hearings begun. Only when he is released from state custody into the custody of INS, pursuant to the detainer lodged against him, can these proceedings take place. *Fernandez–Collado,* 644 F.Supp. at 744; *Gonzalez v. U.S. Immigration & Naturalization Service,* 867 F.2d 1108 (8th Cir.1989); *D'Ambrosio v. Immigration & Naturalization Service,* 710 F.Supp. 269, 271 (N.D.Cal.1989); *Prieto v. Gluch,* 913 F.2d 1159 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991). Section 1252(i) therefore cannot be interpreted to require that INS conduct deportation hearings prior to plaintiff's release from prison.

This interpretation of § 1252(i) does not render it meaningless. Once plaintiff has been released from prison the Attorney General is under a duty to proceed expeditiously in determining whether to retain custody over him pending deportation proceedings and in making a final deportation determination.

\* \* \*

For the reasons discussed above, plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

SO ORDERED.