Robert A. D'AMBROSIO

v.

**IMMIGRATION AND NATURALIZATION SERVICE.**

No. C-89-0018-CAL.

United States District Court, N.D. California.

April 20, 1989.

Robert A. D'Ambrosia, Jamestown, Cal., in pro. per.

Stephen L. Schirle, Asst. U.S. Atty., Chief, Civil Div., Susan Kamlet, Sp. Asst. U.S. Atty., U.S. Dept. of Justice, San Francisco, Cal., for defendant.

## AMENDED ORDER OF DISMISSAL

LEGGE, District Judge.

On January 25, 1988, petioner was convicted in the Superior Court of the State of California for offenses involving the sale of narcotics. Petitioner was sentenced to a term of six years and four months of incarceration. On January 4, 1989, petitioner filed this petition for a writ of habeas corpus. For the reasons stated below, peti-

tioner's action must be dismissed for lack of subject matter jurisdiction.

### I.

On October 7, 1988, pursuant to 8 C.F.R. § 242.2(a), the Immigration and Naturalization Service ("INS") requested that the California State Prison at Corcoran, place an "immigration hold" on petitioner. On March 5, 1989, the INS filed an "Immigration Detainer—Notice of Action By Immigration and Naturalization Service." The detainer indicated that an investigation has been initiated to determine whether petitioner is subject to deportation from the United States, and requests that the INS be notified within thirty days of petitioner's release. The detainer expressly states that it is "for notification purposes only and does not limit [the recipient's] discretion in any decision affecting the offender's classification, work and quarter's assignments or other treatment which he would otherwise receive."

Petitioner seeks an order directing respondent INS to cancel the "immigration hold" notice sent to prison authorities by respondents. Petitioner also requests an order declaring that he is a citizen of the United States, or in the alternative, an order directing the Attorney General to provide petitioner with a deportation hearing within thirty days.

Two possible grounds exist for federal jurisdiction over petitioner's claims: the general habeas corpus statute at 28 U.S.C. § 2241 and the more specific statute involving deportation proceedings found at 8 U.S.C. § 1252. Under either statute, petitioner's claim fails because he is not yet in the custody of the INS.

### II.

Under 28 U.S.C. § 2241, absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant writ of habeas corpus. Because an INS detainer does not subject petitioner to INS custody, but merely indicates that petitioner may be in INS custody in the future following release from his present incarceration, habeas relief is not available to petitioner. *Campillo v. Sullivan*, 853 F.2d 593, 595–96 (8th Cir.1988). Petitioner may

not challenge the detainer by way of habeas corpus until he is placed in custody of the INS, an event which will not occur until he is released from his present term of confinement. *Id.* At present, the INS can neither compel a state prison to make its inmates available for immigration hearings nor, as a practical matter, exert its authority over inmates such as petitioner, so long as they are confined in a state facility.

### III.

 Under certain circumstances, an alien may bring an action in habeas corpus, pursuant to 8 U.S.C. § 1252(a)[1], where the Attorney General is not proceeding with "reasonable dispatch" to determine deportability. By its terms, § 1252(a) comes into play only after an alien has been seized by the INS pursuant to a warrant of arrest and a decision has been made with respect to retaining the alien in custody, or releasing him on bond or conditional parole.

In the instant case, the petitioner has not been taken into INS custody pursuant to a warrant of arrest. Rather, the INS has simply filed a detainer with state prison requesting that it notify INS thirty days in advance of petitioner's release from prison. Thus, section 1252(a) is not yet available as a remedy. *Campillo v. Sullivan,* 853 F.2d at 596.

### IV.

Accordingly, IT IS HEREBY ORDERED that petition for writ of habeas corpus is denied.

---

**1.** Section 1252(a) provides, in relevant part, as follows:

Pending a determination of deportability in the case of any alien as provided in subsection (b) of this section, such alien may upon warrant of the Attorney General, be arrested and taken into custody. Any such alien taken into custody may, in the discretion of the Attorney General and pending final determination of deportability, (1) be continued in custody; or (2) be released under bond in the amount of not less than $500 with security approved by the Attorney General, containing such conditions as the Attorney General may prescribe; or (3) be released on conditional parole. * * * Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or parole pending final decision of deportability upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of an alien to determine deportability.

8 U.S.C. § 1252(a).