Carlos A. SOLER, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. CIV 90–157 GLO–WDB.**

United States District Court,
D. Arizona.

Sept. 4, 1990.

Carlos A. Soler, Sheridan, Or., pro se.

Gerald S. Frank, Asst. U.S. Atty., Tucson, Ariz., for respondent.

## ORDER

WILLIAM D. BROWNING, Chief Judge.

Petitioner has filed a *pro se* writ of *habeas corpus*. His writ is construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner, in custody at the Federal Correction Institute at Safford, has had an Immigration and Naturalization Service ("INS") detainer lodged against him.[1] The detainer states, in relevant part:

This is for notification purposes only and does not limit your discretion in any decision affecting the prisoner's classification, work, and quarters assignments or other treatment which he would otherwise receive....

Notify this office of the time of release at least 30 days prior to release or as much in advance as possible.

Petitioner asks the Court to order the INS to hold Petitioner's deportation hearing forthwith. Petitioner argues that the detainer affects his confinement status and, as such, violates his equal protection rights.

### A. *Custody Status*

██ Petitioner argues that he is being denied his equal protection rights under the fourteenth amendment because the federal prison authorities allegedly accord him different treatment as an INS detainee.

To the extent Petitioner seeks to have this Court change his classification or programming in this *habeas corpus* proceeding based on a violation of his equal protection rights, he has named the wrong parties. As the Court holds below, Petitioner is not in the custody of the INS. In order to invoke this Court's *habeas corpus* jurisdiction, Petitioner needs to name the party holding him in custody. The Court, therefore, will dismiss this aspect of the petition without prejudice.

### B. *Detainer*

██ Petitioner argues that INS should hold a prompt hearing to determine his deportation status. The Court will deny relief.

This Court's 28 U.S.C. § 2241 *habeas corpus* jurisdiction depends on whether Petitioner can be characterized as in the custody of the INS. Although this Circuit has not directly addressed the issue, the Eighth Circuit in *Campillo v. Sullivan,* 853 F.2d 593 (1988), rejected *habeas corpus* relief under identical circumstances. At least one district court in this Circuit has adopted the *Campillo* analysis. *See, e.g., D'Ambrosio v. INS,* 710 F.Supp. 269 (N.D. Cal.1989).

Like the *Campillo* and *D'Ambrosio* courts, this Court finds that Petitioner is not yet in the custody of the INS. The detainer does not subject Petitioner to INS custody. Rather, it merely indicates that Petitioner may, following release from his present incarceration, be subject to INS custody.

Similarly, 8 U.S.C. § 1252(a) (1970 & Supp.1990), which permits this Court in a *habeas corpus* proceeding to determine whether the Attorney General is proceeding with "reasonable dispatch," requires the Petitioner to be arrested and taken into custody.[2] Accordingly, Petitioner's non-

---

1. In the pleadings there is some discussion of why two detainers were lodged against Petitioner and Petitioner's belief that he had exonerated one of the detainers. The discussion is irrelevant. There is no dispute that there is only one detainer pending and that detainer is the subject of this Petition.

2. 8 U.S.C. § 1252(a)(1) (1970 & Supp.1990) states in relevant part:

Pending a determination of deportability n the case of any alien as provided in subsection (b), such alien may, upon warrant of the Attorney General, be arrested and taken into custody.... Any court of competent jurisdic-

custodial status divests the Court of 8 U.S.C. § 1252(a)(1) jurisdiction. *E.g.,* *D'Ambrosio,* 710 F.Supp. at 271.

Finally, as the *Campillo* Court notes, a "strong analogy" can be drawn to the facts of *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). *Campillo,* 853 F.2d at n. 2. In *Moody,* the United States Supreme Court rejected a federal parolee's claim that he was entitled to a prompt revocation hearing upon the lodging of a detainer where he was incarcerated. The *Moody* Court rejected the parolee's claim that the delayed hearing violated his due process rights. The Court found that liberty interests sufficient for due process rights to attach were not implicated until the warrant underlying the detainer had been executed upon. *Moody,* 429 U.S. at 87, 97 S.Ct. at 279. Here, like *Moody,* liberty interests are not sufficiently implicated because there is no INS custody.

### C. *Conclusion*

IT IS ORDERED THAT the Petition is DISMISSED WITHOUT PREJUDICE insofar as it seeks change of custody status and the Petition, insofar as it seeks this Court's review of the INS detainer is DISMISSED WITH PREJUDICE for lack of jurisdiction.

tion shall have authority to review or revise any determination of the Attorney General concerning deportation ... upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted....