**Juan LEPEZ–MEJIA, Petitioner,**

v.

**U.S. IMMIGRATION AND NAT-
URALIZATION SERVICE,
et al., Respondents.**

**No. CV 92–2930–DT(JG).**

United States District Court,
C.D. California.

Aug. 28, 1992.

John B. Bartos, Sp. Asst. U.S. Atty., for respondents (INS).

Juan Lepez–Mejia, in pro. per.

ORDER ADOPTING REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE

TEVRIZIAN, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the petition, all of the

---

**4.** This list currently includes the mayor, the police commission members, and the police chief.

records and files herein, and the attached Report and Recommendation of Magistrate Judge. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge.

IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (Federal Habeas Corpus)

Filed July 30, 1992.

GROH, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Dickran Tevrizian, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

Petitioner, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to force the United States Immigration and Naturalization Service (INS) to conduct an immediate hearing on whether he should be deported from the United States. Because petitioner is not currently in INS custody, and because he is facing exclusion (rather than deportation), it will be recommended that the petition be dismissed.

## BACKGROUND

On June 9, 1991, petitioner was apprehended while attempting to enter the United States from Mexico in possession of marijuana. Petition, Exh. 2. He was charged with, and later convicted of, importing a controlled substance in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). He was sentenced to thirty months in prison to be followed by three years of supervised release (Return, Exh. B), and is currently incarcerated at the Federal Correctional Institution at Lompoc, California.

On the day that petitioner was apprehended, he was notified that he was being detained under Section 235(b) of the Immigration and Nationality Act (The Act) (8 U.S.C. § 1225) "for a hearing before an Immigration Judge to determine whether or not you are entitled to enter the United States or whether you shall be excluded and deported." Petition, Exh. 2. On the same day an "Immigration Detainer—Notice of Action By Immigration and Naturalization Service" was lodged with the local law enforcement officials in El Paso, Texas, where petitioner was being held. Ret., Exh. D. That "detainer" stated that it was "for notification purposes only," and requested that the INS be notified at least 30 days before petitioner's release from incarceration. *Id.* Prison officials at Lompoc have confirmed that the INS detainer remains in effect. Petition, Exh. 1.

## DISCUSSION

Petitioner alleges that the INS is violating his rights under federal law, by allowing the detainer to remain in effect without initiating any formal proceedings against him or affording him a hearing. His claim is grounded upon 8 U.S.C. § 1252(i), but also includes unexplained references to the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, "The Mandamus and Venue Act of 1962" (28 U.S.C. § 1361), and the Administrative Procedure Act (5 U.S.C. § 701–706). Section 1252(i) (also referred to as Section 701 of the Immigration Reform Act of 1986), states:

> "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceedings as expeditiously as possible after the date of the conviction."

1. *The Court Lacks Jurisdiction To Entertain The Habeas Claim.*

■ Federal courts may entertain habeas corpus petitions only when the petitioner is "in custody" of the authority against whom relief is sought. 28 U.S.C. § 2241(c). Thus, the first issue presented here is whether the INS detainer causes petitioner to be "in custody" of the INS. Although this question has not been directly ad-

dressed by the Ninth Circuit,[1] other courts, including the Courts of Appeals of the Sixth, Eighth and Eleventh Circuits, have consistently held that an INS detainer does not satisfy the "in custody" requirement. *Prieto v. Gluch*, 913 F.2d 1159, 1162–64 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir.1988), *cert. denied* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989); *Orozco v. U.S. I.N.S.*, 911 F.2d 539, 541 (11th Cir.1990); *D'Ambrosio v. INS*, 710 F.Supp. 269 (N.D.Cal.1989); *Payo v. Hayes*, 754 F.Supp. 164 (N.D.Cal.1991); *Soler v. I.N.S.*, 749 F.Supp. 1011 (D.Ariz.1990).[2]

The rationale of these decisions is that an INS detainer does not direct prison officials to deliver a prisoner to the INS at the expiration of his sentence. Instead, the detainer merely *notifies* the prison that the INS has some interest in a particular inmate, and asks prison officials to advise the INS when the inmate is about to be released. *Prieto*, 913 F.2d at 1164; *Orozco*, 911 F.2d at 541, n. 2.

That is also the case here. The detainer merely requests that INS be given advance notice of petitioner's release from custody. He is not being "held" pursuant to the detainer. I therefore conclude that petitioner is not currently "in custody" of the INS and that the court lacks jurisdiction to entertain his petition under 28 U.S.C. § 2241.

2. *Petitioner Is Not Entitled To An Immediate Hearing Under Section 1252(i), Because He Is Facing Exclusion Rather Than Deportation.*

■ As noted in petitioner's traverse, the Court of Appeals did recently uphold the right of an alien inmate to a prompt deportation hearing on the basis of 8 U.S.C.

§ 1252(i). *Soler v. Scott*, 942 F.2d 597 (9th Cir.1991). However, *Soler* offers no support to petitioner. As a threshold matter, *Soler* was not a habeas corpus proceeding, but rather was brought under the Mandamus Act (28 U.S.C. § 1361) and the Administrative Procedure Act (5 U.S.C. §§ 701–706). While petitioner has referred to those statutes in passing (Supplement to Petition, p. 2), his action unquestionably seeks habeas relief and is therefore subject to the jurisdictional requirements of Section 2241(c), discussed above.

Even if I were to treat the petition as one for mandamus or for relief under the Administrative Procedure Act, *Soler* would not avail petitioner. *Soler* dealt with the construction of a recent amendment to the Act, codified at 8 U.S.C. § 1252(i), which applies only to deportation proceedings.[3] The court held that Section 1252(i) imposed an enforceable obligation upon the INS to afford an alien inmate the deportation hearing prescribed by 8 U.S.C. §§ 1252, 1252a, and 1252b, with reasonable promptness following his conviction of the deportable offense, rather than at the conclusion of his sentence as had been the INS practice.

■ Petitioner falls within an entirely distinct category of aliens—those seeking admission to the United States.[4] As explained by the Supreme Court in *Landon v. Plasencia*, 459 U.S. 21, 25–28 103 S.Ct. 321, 325–27, 74 L.Ed.2d 21 (1982), there are significant differences between the provisions for the deportation of an alien physically in the United States and those for the exclusion of one seeking admission. See also, *Marczak v. Green*, 971 F.2d 510, 512 n. 3 (10th Cir.1992). The constitutional protections differ as well.

The class of deportable aliens with which *Soler* was concerned comprises those aliens who are convicted of certain enumerated crimes. 8 U.S.C. § 1251(a)(2).

---

1. See *Guti v. I.N.S.*, 908 F.2d 495, 496 (9th Cir. 1990) (*per curiam*).

2. See also, *Vargas v. Swan*, 854 F.2d 1028, 1032–33 (7th Cir.1988), in which the Seventh Circuit remanded the issue to the district court for factual inquiry into the effect of the detainer.

3. Deportation proceedings are governed by Chapter 5 of the Act (8 U.S.C. §§ 1251–1260).

4. The procedures governing the denial of entry to persons classified as excludable (see 8 U.S.C. § 1182(a)) are set forth in Chapter 4 of the Act (8 U.S.C. §§ 1221–1230).

"This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude is a sovereign prerogative ... Our recent decisions confirm that view ... [H]owever, once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly. Our cases have frequently suggested that a continuously present resident alien is entitled to a fair hearing when threatened with deportation ... and ... we developed the rule that a continuously present permanent resident alien has a right to due process in such a situation." (Citations omitted.)

*Landon*, 459 U.S. at 32–33, 103 S.Ct. at 329. An alien seeking entry, on the other hand, "has only such rights as Congress has granted him." *Clark v. Smith*, 967 F.2d 1329, 1331–32 (9th Cir.1992).

Petitioner is plainly subject to the exclusion provisions of the Act. Apprehended at a point of entry in possession of controlled substances, petitioner was detained for further inquiry, as authorized by 8 U.S.C. § 1225(b). ("Every alien ... who may not appear ... to be clearly and beyond a doubt entitled to land shall be detained for further inquiry.") The decision to admit or exclude is reserved to a special inquiry officer. 8 U.S.C. § 1226(a).[5]

Though petitioner has been convicted and sentenced for drug trafficking, his exclusion hearing has not yet been held. However, Section 1226(e)(1) contemplates the deferral of the exclusion hearing until after service of the sentence. It provides that *"upon release"* the Attorney General *shall* take the alien into custody "[p]ending a determination of excludability." (Empha-

sis added.)[6] Once the determination to exclude is made (under Section 1226), petitioner "shall be immediately deported" unless the Attorney General in his discretion determines otherwise. 8 U.S.C. § 1227(a)(1); *Clark v. Smith*, 967 F.2d at 1331; *Marczak v. Greene*, 971 F.2d at 512 n. 3 ("in this context, deportation is a synonym for expulsion, rather than a term referring only to the procedures undergone by aliens who have entered the country"). He is not entitled to have the issue of excludability determined (or reviewed) in a deportation proceeding. *Landon*, 459 U.S. at 28, 103 S.Ct. at 326–27.

It is evident from the foregoing that petitioner is not among the class of alien inmates to whom Section 1252(i) applies and, therefore, that the Court of Appeals holding in *Soler* has no application to him. As an alien seeking admission, his rights are determined exclusively by Sections 1221–1230, none of which require an accelerated hearing. To the contrary, Section 1226(e)(1) reveals an unmistakable legislative intent to permit the deferral of the exclusion determination until after the completion of his sentence.

Section 1252(i) may properly be read only as affecting deportation hearings. I have found nothing in its legislative history which supports any intent to alter the existing statutory scheme for exclusion proceedings. While Congress could easily have amended Section 1226 to impose the same expedited hearing standards to exclusion proceedings, it clearly did not do so. It is just as clearly beyond the power of the Court to rewrite the statute. The petition must therefore be denied.

## RECOMMENDATION

IT IS RESPECTFULLY RECOMMENDED that the Court issue an Order:

---

**5.** This is the "sole and exclusive" procedure for the determination of admissibility and is reviewable only by habeas corpus. 8 U.S.C. §§ 1105a(b), 1226(a); *Landon*, 459 U.S. at 27; 103 S.Ct. at 326.

**6.** 8 U.S.C. § 1226(e)(1) states:
"(e) **Custody of alien**
(1) Pending a determination of excludability, the Attorney General shall take into custo-

dy any alien convicted of an aggravated felony upon release of the alien (regardless of whether or not such release is on parole, supervised release, or probation, and regardless of the possibility of rearrest or further confinement in respect of the same offense)."
This section stands in sharp contrast to the expedited procedures which Congress has imposed in deportation cases. See 8 U.S.C. § 1252(i), 1252a.

(1) approving and adopting this Report and Recommendation; and,

(2) directing that Judgment be entered denying and dismissing the petition for writ of habeas corpus.[7]

DATED: This 29 day of July, 1992.

---

7. Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file objections with the above-named District Judge within 10 days (20 days, if in custody), as provided in Rule 3.1.04 and .05 of the Local Rules Governing Duties of Magistrate Judges and Fed.R.Civ.P. 72. The failure of either party to object to a particular finding of fact or conclusion of law may constitute a waiver of the right to contest the matter on appeal. *Smith v. Frank,* 923 F.2d 139, 141 (9th Cir.1991); *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir.1991). A notice of appeal pursuant to the Federal Rules of Appellate Procedure should not be filed until Judgment has been entered.