THE STATE OF OHIO, APPELLANT, *v.* SANCHEZ, APPELLEE.

[Cite as *State v. Sanchez,* 110 Ohio St.3d 274, 2006-Ohio-4478.]

(No. 2005–1034—Submitted March 15, 2006—Decided September 13, 2006.)

LANZINGER, J.

{¶ 1} In this case, accepted on a discretionary appeal, we consider whether R.C. 2945.71(E), Ohio's speedy-trial triple-count provision, is affected by an immigration detainer and whether a defense motion in limine extends time pursuant to R.C. 2945.72(E).

## Case Procedure

{¶ 2} Appellee, Belia Larios Sanchez,[1] a noncitizen, was arrested on December 17, 2003, as a result of a traffic stop. After a drug dog alerted to the SUV in which she was a passenger, state troopers discovered approximately $500,000 in a hollowed-out back seat. She and her two companions were charged with two felonies: money laundering, a violation of R.C. 1315.55(A)(3) and (C)(1), and one count of possession of criminal tools, a violation of R.C. 2923.24(A) and (C). Within five days of the arrest, an immigration detainer was issued against all defendants by the United States Bureau of Immigration and Customs Enforcement ("ICE").[2] At the initial appearance, bond was set at $100,000 and remained unsatisfied.

---

1. The defendant is referred to in court papers as Belia Larios–Sanchez, Belia Sanchez, and Belia Francisca Sanchez. The defendant signed her name variously as Belia Sanchez and Belia Larios. We will refer to her as Sanchez.

2. The agency formerly known as the United States Immigration and Naturalization Service ("INS") was abolished by Congress in 2003, and its functions were transferred to the Department of Homeland Security. Sections 271(b) and 291, Title 6, U.S.Code; Section 2.1, Title 8, C.F.R.

{¶ 3} On April 27, 2004, Sanchez had been in custody for 89 days when she filed a motion in limine to exclude from trial any mention of her citizenship status. Three days later, she filed a motion to dismiss, asserting that because her trial did not commence within 90 days, her right to speedy trial had been violated. The state responded to the motion to dismiss, and the trial court denied the motion on June 11, 2004, finding that the motion in limine had tolled the speedy-trial statute. On June 14, 2004, Sanchez entered a plea of no contest to the two felony counts as charged, was found guilty on both, and received a sentence of five years of community control with conditions.

{¶ 4} On appeal to the Sixth Appellate District, Sanchez argued that her motion in limine did not toll speedy-trial time pursuant to R.C. 2945.72(E), because it did not cause a delay in the proceedings. The state contended otherwise and argued additionally that the detainer lodged against her by the ICE negated the triple-count provision of R.C. 2945.71(E). The appellate court reversed and vacated the conviction and sentence, holding that the ICE detainer did not prevent triple counting under R.C. 2945.71(E) and that the motion in limine did not toll the running of time for speedy-trial purposes, because the state did not affirmatively show that the motion in limine actually delayed the proceedings or diverted the prosecutor's attention from the proceedings. *State v. Sanchez*, 162 Ohio App.3d 113, 2005-Ohio-2093, 832 N.E.2d 1215, ¶ 17.

{¶ 5} We accepted this case upon a discretionary appeal. The effect of an ICE detainer on Ohio's speedy-trial statute is a matter of first impression, as is the propriety of imposing a burden upon the state to show that a defense motion, such as a motion in limine, actually caused a delay before speedy-trial computation may be tolled.

### Ohio Speedy–Trial Provisions

{¶ 6} The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state. *Klopfer v. N. Carolina* (1967), 386 U.S. 213, 222–223, 87 S.Ct. 988, 18 L.Ed.2d 1. Section 10, Article I of the Ohio Constitution also provides an accused "a speedy public trial." *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579. Provisions setting forth time limits for bringing an accused to trial are found in R.C. 2945.71 to 2945.73.

{¶ 7} Speedy-trial provisions are mandatory, and, pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.72(D). A person charged with a felony shall be brought to trial within 270 days of the date of arrest. R.C. 2945.71(C)(2). If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C. 2945.71(E). This "triple count" provision applies only when the defendant is

being held in jail solely on the pending charge. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, paragraph one of the syllabus (construing former R.C. 2945.71(D), now (E)). Thus, the triple-count provision does not apply when a defendant is being held in custody pursuant to other charges. Id. Nor does it apply when the accused is being held on a parole- or probation-violation holder. *State v. Brown* (1992), 64 Ohio St.3d 476, 479, 597 N.E.2d 97 (parole-violation holder); *State v. Martin* (1978), 56 Ohio St.2d 207, 211, 10 O.O.3d 369, 383 N.E.2d 585 (probation-violation holder).

{¶ 8} The running of the speedy-trial clock may be temporarily stopped, that is, tolled, only for reasons listed in R.C. 2945.72.[3] Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits. The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system. *Ladd,* 56 Ohio St.2d at 200, 10 O.O.3d 363, 383 N.E.2d 579. We must determine whether appellant met the statute's strict standards in this case.

### The ICE Detainer

{¶ 9} Although Sanchez's immigration detainer itself is not part of the record, the record shows that an ICE detainer was issued against her on December 22, 2003. The booking summary informs the Lucas County Sheriff that Sanchez had a "holder" issued against her on that date, identified the INS as the "holding

---

3. {¶ a} R.C. 2945.72. provides:

{¶ b} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{¶ c} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

{¶ d} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

{¶ e} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

{¶ f} "(D) Any period of delay occasioned by the neglect or improper act of the accused;

{¶ g} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

{¶ h} "(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

{¶ i} "(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

{¶ j} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

{¶ k} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

agency," and listed the agency's phone number.[4] The state has supplied nothing to show the language of the ICE detainer itself. Sanchez had no other state or federal charges pending and was not being held in custody as a result of a possible parole or probation violation. The crucial question is what legal effect an immigration detainer has on her right to be brought to trial expeditiously.

{¶ 10} The appellate court concluded that the detainer merely served as notice of potential immigration proceedings and did not act as an independent charge; therefore, the court reasoned, triple counting of days continued under R.C. 2945.71(E). *Sanchez,* 162 Ohio App.3d 113, 2005-Ohio-2093, 832 N.E.2d 1215, ¶ 10. The state urges us to reinstate her conviction and to interpret the effect of an ICE detainer similarly to that of probation- and parole-violation holders.

{¶ 11} It is true that we have held that triple counting does not apply when a defendant is being held in custody pursuant to a parole- or probation-violation holder, as those relate to independent matters for which the defendant is simultaneously in custody. *State v. Brown,* 64 Ohio St.3d at 479, 597 N.E.2d 97 (parole-violation holder); *State v. Martin,* 56 Ohio St.2d at 211, 10 O.O.3d 369, 383 N.E.2d 585 (probation-violation holder). But whether we should determine that Sanchez was not in custody "solely on the pending criminal charges" so that the state had 270 rather than 90 days to bring her to trial depends on whether the ICE detainer held her in custody at the same time that she awaited trial on her criminal charges.

{¶ 12} Because we do not have the actual detainer in the record, we turn to federal law to determine the effect of an immigration detainer.

{¶ 13} Section 287.7(a), Title 8, C.F.R. provides:

{¶ 14} "A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible."

{¶ 15} It can be seen from this provision that a detainer does not "hold" the accused. Instead, it declares the government's intention to seek custody in the future and requests notification before the accused is released from his or her present confinement.

---

4. Under the category "Holders," Sanchez's booking summary merely reflects the following entries: The "Holder No." is specified as "1"; the "Date/Time On" as "12/22/2003 18:30"; the "Charge" as "Immigration"; and the "Holding Agency" as "INS." The agency phone is given, but the remaining categories of "Bond Amt.," "Date/TimeOff," "Reason/Off," "Agency ORI," "Disposition," "Disp. Date/Time," "Start Dttm.," "Days," and "Expected Out Date" are not filled in.

{¶ 16} In accordance with this interpretation, the agency typically argues in habeas corpus cases that a detainer does not itself hold an inmate in custody. See, e.g., *Vargas v. Swan* (C.A.7, 1988), 854 F.2d 1028, 1030. The clear majority view expressed in federal habeas decisions is that federal immigration authorities will seek custody in the future, at the conclusion of a prisoner's current or pending confinement by another jurisdiction and (2) a request for prior notice regarding the termination of that confinement. Thus, the detainer does not result in present confinement by the immigration authority. See, e.g., *Prieto v. Gluch* (C.A.6, 1990), 913 F.2d 1159, 1162–1164; *Orozco v. Immigration & Naturalization Serv.* (C.A.11, 1990), 911 F.2d 539, 541, fn. 2; *Campillo v. Sullivan* (C.A.8, 1988), 853 F.2d 593, 595; *Lepez–Mejia v. Immigration & Naturalization Serv.* (C.D.Cal.1992), 798 F.Supp. 625, 627; *Soler v. Immigration & Naturalization Serv.* (D.Ariz.1990), 749 F.Supp. 1011. See, also, *Garcia v. Immigration & Naturalization Serv.* (M.D.Pa.1990), 733 F.Supp. 1554; *D'Ambrosio v. Immigration & Naturalization Serv.* (N.D.Cal.1989), 710 F.Supp. 269; *Fernandez–Collado v. Immigration & Naturalization Serv.* (D.Conn.1986), 644 F.Supp. 741, 743, fn. 1.

{¶ 17} We are persuaded that these decisions reflect the purpose and effect of a detainer as described in Section 287.7(a), Title 8, C.F.R. and hold that a detainer filed by the ICE that does not purport to hold the defendant in custody does not nullify the triple-count provision within Ohio's speedy-trial statute. Because Sanchez was not being "held" in custody by the ICE detainer but, rather, was being held on the pending felony charges only, the triple-count provision applies, and the state had only 90 days in which to bring her to trial.

{¶ 18} The state also contends that because the parties in this case treated the ICE detainer as a "custodial instrument," it should be seen as such. In the state's view, just as if a probation- or parole-violation holder had been issued against Sanchez, the ICE detainer meant that she would not have been released immediately at the conclusion of her custody on the felony charges, and thus she was not "solely" in custody on those charges.

{¶ 19} There is no support for the state's speculation that Sanchez would not have been released once her confinement on the felony charges ended. Even if this were true, however, it does not change the fact that when the speedy-trial time was running, she was being held solely on the felony charges. Moreover, the ICE detainer is different from probation- and parole-violation holders. The ICE detainer is a civil matter, as deportation itself is a civil proceeding. *Argiz v. Immigration & Naturalization Serv.* (C.A.7, 1983), 704 F.2d 384, 387. It is not the type of detainer referred to in the Interstate Agreement on Detainers ("IAD"), which comes with statutorily imposed speedy-trial constraints. See Article III(a) of the IAD, codified at R.C. 2963.30, stating that "the purpose of

[the IAD is] to encourage the expeditious and orderly * * * determination of all detainers *based on untried indictments, informations and complaints.*" (Emphasis added.) For purposes of the IAD, a "detainer" is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution *either to hold the prisoner for the agency* or to notify the agency when release of the prisoner is imminent." (Emphasis added.) *Carchman v. Nash* (1985), 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516. Typically, an ICE detainer does not ask the incarcerating authority to hold the prisoner, and there is no evidence in this case that the detainer made such a request. At most, the ICE detainer may lead to *future custody* by federal immigration authorities to allow for an administrative complaint and possible deportation. *Prieto v. Gluch*, 913 F.2d at 1163; *Campillo v. Sullivan*, 853 F.2d at 595. Unlike parole- or probation-violation holders, the ICE detainer does not hold a defendant in concurrent custody on previously adjudicated charges while the defendant awaits trial on the new charges. Because the ICE detainer served only to notify the state of Ohio that ICE may seek custody of Sanchez in the future and to request that ICE be alerted before her release, we do not view the ICE detainer as a custodial instrument.

## Motion in Limine

{¶ 20} As a second reason for vacating the conviction and sentence, the court of appeals found that the speedy-trial time continued to run after Sanchez filed her motion in limine because the state showed no delay or prosecutorial distraction caused by her motion. Id., 162 Ohio App.3d 113, 2005-Ohio-2093, 832 N.E.2d 1215, ¶ 17. R.C. 2945.72 provides:

{¶ 21} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{¶ 22} " * * *

{¶ 23} "(E) *Any period of delay necessitated by* reason of a plea in bar or abatement, *motion,* proceeding, or action *made or instituted* by the accused." (Emphasis added.)

{¶ 24} The statute does not require a showing that a motion caused delay before the running of speedy-trial time may be suspended.

{¶ 25} The trial court relied on cases from six appellate districts that held that motions in limine automatically toll the running of speedy-trial time.[5] We agree

---

5.  *State v. Plagge* (July 31, 1985), 1st Dist. Nos. C–840323, C–840324, and C–840325, 1985 WL 8958; *State v. Sinclair,* 2nd Dist. No. 2002–CA–33, 2003-Ohio-3246, 2003 WL 21419536; *State v. Caudill* (Dec. 2, 1998), 3rd Dist. No. 05–97–35, 1998 WL 833729; *State v. Womack* (Dec. 17, 1986), 7th Dist.

with those courts. We have held already that a defendant's motion for discovery tolls the statute. *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus. Although we have not yet specifically addressed the effect of a motion in limine under R.C. 2945.72(E), we have noted in passing that other defense motions can necessitate delay, thus tolling the speedy-trial period. *State v. Myers,* 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 44 (motion to suppress and motion to quash); *State v. Broughton* (1991), 62 Ohio St.3d 253, 262, 581 N.E.2d 541 (motions to dismiss and to compel grand jury testimony).

{¶ 26} Defense motions made orally, such as motions for continuance, may be disposed of through immediate oral rulings. Here, however, a motion in limine raised evidentiary concerns that arguably called for an adversarial response to allow the court to rule appropriately. We do not agree that the state has an affirmative duty to show that a motion diverted the prosecutor's attention or caused a delay in the proceedings before speedy-trial time is tolled. It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension. R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a "period of delay necessitated"— at the very least, for a reasonable time until the motion is responded to and ruled upon.

{¶ 27} This does not imply that the state may prolong its response time or that a trial court has unbridled discretion in taking time to rule on a defense motion. Although outside time limits for response may be set by local rule, in many cases, the state will not need the entire time. Furthermore, as we have already stated, "[a] strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." *State v. Martin* (1978), 56 Ohio St.2d 289, 297, 10 O.O.3d 415, 384 N.E.2d 239. Accordingly, we hold that a motion in limine filed by a defendant tolls speedy-trial time for a reasonable period to allow the state an opportunity to respond and the court an opportunity to rule.

## Conclusion

{¶ 28} The appellate court erred in vacating the conviction and sentence of Sanchez. She was brought to trial within the appropriate statutory time, for although the ICE detainer did not affect the triple-count provisions of R.C. 2945.71(E), her motion in limine did toll the statute pursuant to R.C. 2945.72(E). The motion to dismiss, filed three days later, also operated to toll the statute. Because her plea was entered while the count was still at 89 days, she was not entitled to a discharge under R.C. 2945.73(B).

No. 85 C.A. 111, 1986 WL 14402; *State v. Walters* (Jan. 18, 1996), 8th Dist. No. 68279, 1996 WL 17322; *State v. Lothridge* (Apr. 17, 1991), 9th Dist. No. 90CA004878, 1991 WL 60697.

{¶ 29} The judgment of the Sixth District Court of Appeals is reversed, and the conviction of appellee is reinstated.

Judgment accordingly.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in part and dissents in part.

---

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 30} I concur in the portion of the majority opinion regarding the effect of a Bureau of Immigration and Customs Enforcement detainer on the triple-count provision of Ohio's speedy-trial statute. I dissent from the majority's holding regarding the tolling effect of the defendant's motion in limine filed the day before the expiration of the 90–day speedy-trial deadline.

{¶ 31} "A defendant's right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, and is made obligatory on the states by the Fourteenth Amendment. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. Article I, Section 10 of the Ohio Constitution, also affords an accused the same speedy trial guarantees as the Sixth and Fourteenth Amendments." *State v. Singer* (1977), 50 Ohio St.2d 103, 106, 4 O.O.3d 237, 362 N.E.2d 1216, fn. 2. R.C. 2945.71 through 2945.73 have brought practical effect to those constitutional guarantees, and the limitations on the speedy-trial right contained in R.C. 2945.72 "are to be strictly construed, and not liberalized in favor of the state." Id., at 109, 4 O.O.3d 237, 362 N.E.2d 1216.

{¶ 32} R.C. 2945.72(E) allows a tolling of the speedy-trial time for "any period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." In *Singer,* this court established that the extensions available under R.C. 2945.72 are not automatic. "Since R.C. 2945.72 extends the 90–day limit only by the period of any delay or continuance therein described, it is necessary to determine the length of any such delay or continuance." Id. at 107–108, 4 O.O.3d 237, 362 N.E.2d 1216. *Singer* requires a determination of the actual time an R.C. 2945.72 factor delayed the proceedings.

{¶ 33} In *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, we held that the seven days it took the state to respond to the defendant's request for a bill of particulars and a demand for discovery tolled the speedy-trial time pursuant to R.C. 2945.72(E). It was up to the trial court in this case to determine the specific period of delay actually caused by the filing of a defendant's motion in limine. Since the trial court made no such finding—likely because the state never responded to it and there was no practical effect on the

proceedings—it should not have extended the speedy-trial time pursuant to R.C. 2945.72(E).

_____

Julia R. Bates, Lucas County Prosecuting Attorney, and Kevin A. Pituch, Assistant Prosecuting Attorney, for appellant.

Kerger & Associates, Stephen D. Hartman, and Kimberly A. Donovan, for appellee.