[Cite as *State v. Jackson*, 2022-Ohio-4316.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | Appellate Case No. 29452 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-03112 |
| | : | |
| STEVEN A. JACKSON, II | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 2nd day of December, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Appellee

KAREN B. GROSETH, Atty. Reg. No. 0090201, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
        Attorney for Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Steven A. Jackson II appeals from his conviction on one count of child endangering in violation of R.C. 2919.22(B)(1).

{¶ 2} Jackson contends the trial court erred in failing to dismiss the case for lack of subject-matter jurisdiction. He reasons that the juvenile court, rather than the general division of the common pleas court, had exclusive original jurisdiction over the charge at issue. He also argues that the trial court erred in failing to dismiss the case based on a statutory speedy-trial violation.

{¶ 3} We conclude that the general division of the common pleas court possessed subject-matter jurisdiction over the felony child-endangering charge. We also find no violation of Jackson's statutory right to a speedy trial. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} A grand jury indicted Jackson on one count of child endangering, a second-degree felony violation of R.C. 2919.22(B)(1). He moved to dismiss the indictment, arguing that R.C. 2151.23(A)(6) granted the juvenile court exclusive original jurisdiction. Following a hearing, the trial court overruled Jackson's motion. It held that R.C. 2151.23(A)(6) explicitly excluded a felony indictment from the juvenile court's exclusive jurisdiction.

{¶ 5} Jackson then filed an original action seeking a writ of prohibition and a peremptory writ in this court. He argued that the trial court patently and unambiguously

lacked subject-matter jurisdiction to proceed in the criminal case. We declined to issue a peremptory writ and later dismissed the petition for a writ of prohibition. We reasoned that multiple plausible interpretations of R.C. 2151.23(A)(6) existed and, therefore, that the trial court did not patently and unambiguously lack jurisdiction. We noted that the trial court was free to determine its own jurisdiction and that Jackson had an adequate remedy by means of an appeal.

{¶ 6} The month after our rejection of his original action, Jackson filed a motion to dismiss the charge against him on statutory speedy-trial grounds. Resolution of the motion turned on whether speedy-trial time ran while the original action was pending in this court. The trial court held that Jackson's petition for a writ of prohibition was a tolling event under R.C. 2945.72(E) and that no speedy-trial violation had occurred.

{¶ 7} Following the trial court's ruling, Jackson pled no contest to the charge against him. The trial court found him guilty and later imposed a sentence of three to four and one-half years in prison. This appeal followed.

## II. Analysis

{¶ 8} In the first of two assignments of error, Jackson challenges the trial court's jurisdictional ruling. He cites R.C. 2151.23(A)(6), which grants the juvenile court exclusive jurisdiction:

(6) *To hear and determine all criminal cases in which an adult is charged with a violation of* division (C) of section 2919.21, *division (B)(1) of section 2919.22*, section 2919.222, division (B) of section 2919.23, or section 2919.24 of the Revised Code, *provided the charge is not included in an*

*indictment that also charges the alleged adult offender with the commission of a felony arising out of the same actions that are the basis of the alleged violation of division (C) of section 2919.21, division (B)(1) of section 2919.22, section 2919.222, division (B) of section 2919.23, or section 2919.24 of the Revised Code[.]*

(Emphasis added.)

{¶ 9} The statute first establishes a general rule that a juvenile court has exclusive jurisdiction over an adult charged with certain enumerated offenses. The second part of the statute creates an exception. A juvenile court lacks exclusive jurisdiction if the charge is included in an indictment that also charges the adult with committing a felony arising out of the same actions that are the basis of the enumerated charge.

{¶ 10} Jackson reads R.C. 2151.23(A)(6) to mean a juvenile court does not lose exclusive jurisdiction unless an indictment includes one of the enumerated offenses and also includes a second charge that is a felony arising out of the same incident. The trial court disagreed. It reasoned:

Here, Defendant was charged in the indictment with a felony of the second degree as a result of serious physical harm to the child. The court agrees with the State of Ohio that Defendant was charged in a single count felony indictment, as Defendant's charge was included in an indictment that also charged him with the commission of a felony arising out of the same actions that are the basis of the violation in division (B)(1) of section 2919.22. The court finds that the plain language of R.C. 2151.23(A)(6)

exempts Defendant's felony indictment from the juvenile court's exclusive jurisdiction, and, thus, this court has jurisdiction over this matter. Therefore, Defendant's Motion to Dismiss is OVERRULED.

October 27, 2021 Decision and Entry at 3.

{¶ 11} In essence, Jackson reads the statute as requiring at least two charges for a juvenile court to lose exclusive jurisdiction. As applied to the present case, he contends the statute requires the presence of at least two felony charges. Because his indictment contained a single felony charge, he argues that the general division of the Montgomery County Common Pleas Court lacked jurisdiction. Conversely, the trial court reasoned that the existence of any felony charge was enough to deprive the juvenile court of exclusive jurisdiction.

{¶ 12} We begin our analysis by recognizing that "Article IV, Section 4(B) of the Ohio Constitution grants exclusive authority to the General Assembly to allocate certain subject matters to the exclusive original jurisdiction of specified divisions of the courts of common pleas." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 2. We note too that " '[j]urisdiction over all crimes and offenses is vested in the court of common pleas, general division, unless such jurisdiction specifically and exclusively is vested in other divisions of the court of common pleas or in the lower courts.' " *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 25, quoting *State ex rel. McMinn v. Whitfield*, 27 Ohio St.3d 4, 5, 500 N.E.2d 875 (1986).

{¶ 13} The statute at issue here, R.C. 2151.23(A)(6), grants a juvenile court exclusive jurisdiction over one of the enumerated charges identified therein provided it is

not included in an indictment that also charges a felony arising out of the same actions. For a juvenile court to lose exclusive jurisdiction, this language may be read to require the existence of one of the enumerated charges and "also" a separate but related felony charge. On the other hand, the felony child-endangering charge against Jackson technically satisfied the conditions that deprive a juvenile court of exclusive jurisdiction. The charge against him was included in an indictment that charged the commission of a felony arising out of the same actions that were the basis for the charge. This reading of the statute admittedly is awkward. It is cumbersome to say Jackson's felony child-endangering charge arose out of the same actions that were the basis for his felony child-endangering charge. At first blush, we might be inclined to find Jackson's reading of the statute to be appropriate. Upon closer examination, however, we are persuaded that the trial court read the statute correctly and reached the right result.

**{¶ 14}** The explanation for the awkward wording is traceable to the nature of the offenses enumerated in R.C. 2151.23(A)(6). The statute begins by giving a juvenile court exclusive jurisdiction over adults charged with violating R.C. 2919.21(C), R.C. 2919.22(B)(1), R.C. 2919.222, R.C. 2919.23(B), or R.C. 2919.24. With one exception, the foregoing crimes exclusively are misdemeanor offenses. The exception involves child endangering in violation of R.C. 2919.22(B)(1), which may be a misdemeanor or a felony depending on the circumstances. Therefore, in all but one of the scenarios covered by R.C. 2151.23(A)(6), the enumerated charge over which a juvenile court has exclusive jurisdiction will be a misdemeanor offense. In the usual case, then, the existence of an additional related felony charge "also" is necessary for a juvenile court to lose exclusive

jurisdiction. To that extent, we do not dispute Jackson's reading of the statute.

{¶ 15} Indeed, if the statue is read as applying to an enumerated offense that is a misdemeanor, its interpretation involves no difficulty. In such a case, a juvenile court has exclusive jurisdiction over the misdemeanor charge "provided the charge is not included in an indictment that also charges the alleged adult offender with the commission of a felony arising out of the same actions that are the basis of the alleged violation[.]" This language only becomes awkward in the singular instance where the enumerated charge is a felony violation of R.C. 2919.22(B)(1). On its face, the statute applies in such a situation, but the language of R.C. 2151.23(A)(6) suggests that this scenario was not the legislature's primary focus when it enacted the statute. The result is an awkwardly worded provision when applied to a felony violation of R.C. 2919.22(B)(1). Nevertheless, as the trial court recognized, the fact remains that Jackson's situation technically satisfied the conditions depriving the juvenile court of exclusive jurisdiction.

{¶ 16} In short, based on our reading of R.C. 2151.23(A)(6), we conclude that an enumerated misdemeanor charge must be accompanied by a related felony charge for a juvenile court to lose exclusive jurisdiction. However, the key to a juvenile court losing exclusive jurisdiction is the existence of an indictment charging a felony, not necessarily the existence of multiple charges. As explained above, in all but one of the charging scenarios envisioned by R.C. 2151.23(A)(6), multiple charges in fact will be necessary because the enumerated charge is a misdemeanor. However, where the enumerated charge itself is felony child endangering in violation of R.C. 2919.22(B)(1), we do not read R.C. 2151.23(A)(6) as requiring the existence of a second felony charge arising out of the

same incident.

{¶ 17} In reaching our conclusion, we find Jackson's reliance on *State v. Kohr*, 5th Dist. Licking No. 2008 CA 00147, 2009-Ohio-5297, to be unpersuasive. In *Kohr*, the appellant was charged with felony child-endangering violations of R.C. 2919.22(B)(1) and with felony violations of R.C. 2919.22(A), another child-endangering provision. Noting that the appellant had been charged with these other felonies, which arose out of the same actions that were the basis of the R.C. 2919.22(B)(1) charges, the Fifth District held that the juvenile court did not have exclusive jurisdiction.[1]

{¶ 18} Although we agree with *Kohr*, it does not address the scenario before us. The fact that the appellant in *Kohr* had been charged with felony violations of R.C. 2919.22(B)(1) and with felony violations of R.C. 2919.22(A) perhaps made it easier to resolve than Jackson's case. But *Kohr* does not stand for the proposition that the existence of felony charges under two different statutes is required where the enumerated charge is felony child endangering in violation of R.C. 2919.22(B)(1). *Kohr* cannot stand

---

[1] By the same token, we are equally unpersuaded by the State's reference to *State v. Middleton*, 2d Dist. Greene No. 2019-CA-22, 2020-Ohio-1308. In *Middleton*, we cited R.C. 2151.23(A)(6) and held that the juvenile court, rather than the municipal court, had exclusive subject-matter jurisdiction where child endangering in violation of R.C. 2919.22(B)(1) and other charges against the appellant all were misdemeanors. In the course of our ruling, we characterized R.C. 2151.23(A)(6) as "exempting a felony indictment from the juvenile court's exclusive jurisdiction." *Id.* at ¶ 29. Although the State cites this language, *Middleton* did not involve a felony indictment and contained no analysis of that issue. The State also cites language in *State v. Hale*, 12th Dist. Butler No. CA93-04-065, 1993 WL 471492, *1 (Nov. 15, 1993), recognizing that a "juvenile court does not have jurisdiction over felony child endangering charges brought under R.C. 2919.22(B)(3)." But R.C. 2919.22(B)(3) is not one of the enumerated offenses identified in R.C. 2151.23(A)(6) over which a juvenile court ever may have jurisdiction. Therefore, the Twelfth District's observation that a juvenile court lacks jurisdiction over a felony charge alleging a violation of R.C. 2919.22(B)(3) is unremarkable and adds nothing to our analysis.

for that proposition because the Fifth District was not confronted with a case involving a single charge of felony child endangering in violation of R.C. 2919.22(B)(1).

{¶ 19} Finally, we do not dispute Jackson's argument that R.C. 2151.23(A)(6) must be construed strictly against the State. *See* R.C. 2151.01(A) (recognizing that sections of Revised Code Chapter 2151 "providing for the criminal prosecution of adults" are not subject to liberal interpretation and construction). We also do not dispute his axiomatic assertion that legislation means what it says and that we cannot alter a statute to reach what we believe is a more logical result. But our reading of the statute gives meaning to every word and also gives effect to what we believe is the legislative intent. Accordingly, we overrule the first assignment of error.

{¶ 20} In his second assignment of error, Jackson contends the trial court erred in failing to dismiss his case based on a statutory speedy-trial violation.[2] The narrow issue presented is whether his petition for a writ of prohibition in this court tolled speedy-trial time in his criminal case. If speedy-trial time was tolled while the petition was pending, then there was no violation. If the pendency of the petition did not toll speedy-trial time, then a statutory violation occurred.

{¶ 21} The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio

---

[2] In his appellate brief, Jackson argues a violation of his statutory speedy-trial right and his constitutional right to a speedy trial. We note, however, that his March 21, 2022 motion to dismiss based on a speedy-trial violation was predicated solely on a statutory speedy-trial violation. Jackson did not allege a violation of his constitutional right to a speedy-trial below, and the trial court did not address that issue in its March 25, 2022 ruling. Accordingly, we will limit our analysis to whether the trial court erred in finding no violation of Jackson's statutory right to a speedy trial.

Constitution. This constitutional mandate has been codified in R.C. 2945.71, which designates specific time limits for bringing a defendant to trial. As relevant here, a defendant charged with a felony must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). Each day that a defendant is held in jail in lieu of bail counts as three days when computing this time. R.C. 2945.71(E). This means a defendant held in jail must be brought to trial within 90 days of arrest. Speedy-trial time may be tolled by certain events delineated in R.C. 2945.72. Compliance with the speedy-trial statutes is mandatory, and they "must be strictly construed against the state." *State v. Cox*, 12th Dist. Clermont No. CA2008-03-028, 2009-Ohio-928, ¶ 12. "The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 8. "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 15.

{¶ 22} In the present case, Jackson was held in jail upon his arrest. He did not waive his right to a speedy trial. Therefore, he was required to be brought to trial within 90 days unless tolling events occurred. Although the 90-day requirement was exceeded, the trial court found that speedy-trial time was tolled during the pendency of Jackson's motion to dismiss for lack of subject-matter jurisdiction, his petition for a writ of prohibition in this court, and his motion to dismiss on speedy-trial grounds. Jackson does not dispute that his two motions to dismiss in the trial court tolled speedy-trial time. The issue on

appeal is whether his petition in this court tolled speedy-trial time.

{¶ 23} The trial court found speedy-trial time tolled on November 5, 2022, the date Jackson filed a petition for a writ of prohibition in this court arguing that the trial court patently and unambiguously lacked jurisdiction to proceed on his criminal indictment. The trial court held that speedy-trial time resumed running on February 7, 2022, when this court dismissed the petition.[3] Excluding the foregoing time period, the trial court found that only 72 days of speedy-trial time had elapsed when Jackson filed his motion alleging a speedy-trial violation.[4]

{¶ 24} Upon review, we see no error in the trial court's resolution of the issue. In finding speedy-trial time tolled by the petition for a writ of prohibition, the trial court cited R.C. 2945.72(E), which extends the time within which an accused must be brought to trial by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Jackson's petition for a writ of prohibition to compel the trial court not to proceed on his criminal indictment qualified as a "proceeding" or "action" instituted by the accused. Jackson stresses that the petition was a separate civil matter and not part of his criminal case. The fact remains, however,

---

[3] We note that the trial court held a scheduled pretrial conference with the parties on February 2, 2022. During that conference, it orally continued the scheduled trial date on its own motion due to the pending petition for a writ of prohibition. *See* February 2, 2022 Transcript at p. 3-4. By that date, however, speedy-trial time already would have expired if the filing of Jackson's petition itself did not toll the time.

[4] The trial court counted 20 days of speedy-trial time from Jackson's arrest through the filing of his motion to dismiss for lack of subject-matter jurisdiction, nine days from its ruling on his motion to dismiss through the filing of his petition for a writ of prohibition, and 43 days from our dismissal of his petition through the filing of his motion to dismiss on speedy-trial grounds, for a total of 72 speedy-trial days elapsed. Jackson then entered his no-contest plea on March 28, 2022, three days after the trial court overruled his motion to dismiss on speedy-trial grounds.

that it was an original "action" he instituted against the trial court. Notably, R.C. 2945.72(E) does not specify that the motion, proceeding, or action must be filed in an accused's criminal case. It simply refers to a motion, proceeding, or action instituted by an accused. If anything, the unqualified reference to an accused instituting an "action" or "proceeding" implicitly suggests the existence of something external to the criminal case itself.

{¶ 25} In our view, the only real question is whether there was a period of delay "necessitated" by Jackson's petition. Jackson correctly points out that we did not order a stay of his criminal case pending our disposition of his petition and that, technically speaking, nothing prohibited the trial court from exercising its jurisdiction while he simultaneously challenged its existence. Nevertheless, Ohio courts have taken a broad view of actions by an accused that "necessitate" a delay in criminal proceedings. In *Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, for example, the Ohio Supreme Court held that a defendant's motion in limine necessitated a delay without requiring any real showing that the motion "diverted the prosecutor's attention" or "caused a delay in the proceedings." *Id.* at ¶ 26. In fact, the Ohio Supreme Court opined that R.C. 2945.72(E) "does not require a showing that a motion caused delay before the running of speedy-trial time may be suspended." *Id.* at ¶ 24. Other Ohio appellate districts have accepted without analysis that a petition for a writ of prohibition tolls speedy-trial time in a defendant's criminal case. *See State v. Brown*, 6th Dist. Erie No. E-88-13, 1989 WL 25542, *7 (Mar. 17, 1989); *State v. Murphy*, 12th Dist. Clinton No. 2006-02-005, 2007-Ohio-2068, ¶ 17; *see also State v. Williams*, 38 Ohio St.3d 346, 355, 528 N.E.2d 910 (1988) (holding that a criminal defendant's successful motion to waive a special venire

"was the action made by the accused which necessitated the period of delay, during which the state sought a writ of mandamus reversing the trial court's decision granting that motion").[5]

{¶ 26} Here we agree with the trial court that Jackson's original action seeking a writ of prohibition necessitated a delay in his criminal case within the meaning of R.C. 2945.72(E). After unsuccessfully seeking dismissal of the felony charge against him for lack of jurisdiction, Jackson haled the trial court judge into this court, insisting that the trial court patently and unambiguously lacked jurisdiction to proceed on the indictment. Although the Ohio Supreme Court made clear in *Sanchez* that a motion or action instituted by an accused need not actually divert a prosecutor's or a trial court's attention away from a criminal case to necessitate a delay, Jackson scarcely could have been surprised that compelling the trial court to defend its own jurisdiction in this court would divert judicial attention away from his criminal case.

{¶ 27} Jackson's petition in this court also made evident that he did not want the trial court to proceed in the criminal case and, in fact, that he believed the trial court unambiguously lacked authority to do so. Having adopted that posture in his original action, it seems disingenuous for him to complain that the trial court did not proceed expeditiously with his criminal case while he actively opposed its power to do so. As noted above, the speedy-trial statute's purpose is "to prevent inexcusable delays caused by indolence within the judicial system." *Sanchez* at ¶ 8. "Indolence" has been defined as an

---

[5] We note that the U.S. Sixth Circuit Court of Appeals later affirmed a grant of habeas corpus relief on other grounds and vacated the defendant's death sentence in *Williams v. Anderson,* 460 F.3d 789 (2006). The Sixth Circuit's habeas decision had nothing to do with the Ohio Supreme Court's speedy-trial analysis.

"inclination to laziness" or "sloth." *See* Merriam-Webster online dictionary, https://www.merriam-webster.com/dictionary/indolence. We see no basis for attributing the delay occasioned by Jackson's unsuccessful petition to laziness or slothfulness by the trial court. Even stating the proposition demonstrates its absurdity. Accordingly, the second assignment of error is overruled.

### III. Conclusion

{¶ 28} Having overruled Jackson's two assignments of error, we affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Karen B. Groseth
Hon. Mary Katherine Huffman